C. A. Hughes & Company, a corporation, Appellant v. T. T. Metzer, Jr., et al., Appellees.

Argued March 14, 1985, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose,* for appellant.

*George Raptosh, Bionaz, Raptosh & McGlynn,* for appellees.

OPINION BY JUDGE MACPHAIL, May 1, 1985:

C. A. Hughes and Company (Appellant) appeals here from an order of the Court en banc of the Court of Common Pleas of Cambria County dismissing Appellant's exceptions to an order of that court which dismissed with prejudice Appellant's action to quiet title.

The underlying action was brought in regard to an "E" seam of coal to which Appellant claims title. This "E" seam was part of a 134 acre tract acquired in fee by one George Shidler on June 13, 1904. In

1917, Shidler entered into an agreement with R. K. Hughes whereby Hughes was granted the option to purchase all the merchantable coal in the "E" seam. That option was assigned on June 12, 1920 to C. A. Hughes. On September 12, 1920, the option agreement was consummated by a deed from Shidler's heirs to C. A. Hughes. That deed was not recorded until December 12, 1949.

Hughes died testate on July 28, 1932. By virtue of several deeds dated August 5, 1932, Philip N. Shettig, a straw party, acquired title to the "E" seam which he then conveyed to C. A. Hughes and Company. That entity then sold it to Cyril C. Morgan in 1933. By deed dated March 19, 1949, the "E" seam was conveyed to C. A. Hughes and Company.

Taxes were not paid on the "E" seam for the years 1932, 1933 and 1934. As a result of this nonpayment, the treasurer of Cambria County (County) exposed the "E" seam for sale at a delinquent tax sale on or about June 28, 1938. When no bids were received sufficient to cover the taxes, interest and costs, the property was struck down to the County.[1] When the County attempted to sell the "E" seam at private sale in 1949, C. A. Hughes and Company objected contending that it, not the County, held legal title to that interest. Apparently, those proceedings are now at a stalemate. Appellant commenced this action to quiet title to obtain a judicial determination of who owns the "E" seam.

Appellant acknowledges that neither it nor Morgan paid the taxes due in 1932, 1933 and 1934 but contends that the treasurer's sale of the "E" seam in

---

[1] Authority for the county commissioners to purchase real property at a tax sale where there were no bids sufficient to pay taxes, interest and costs, was found in Section 10 of the Act of May 29, 1931, P.L. 280, *as amended*, 72 P.S. §5971(j).

1938 was null and void because there was a double assessment. Our case law is that a double assessment would render the tax sale void. *Albert v. Lehigh Coal and Navigation Co.*, 431 Pa. 600, 246 A.2d 840 (1968). Appellant's contention is that the assessment records indicate that the Shidler Estate was assessed as a fee owner instead of "fee except E seam" for the tax years in dispute and at the same time the records clearly show that the Hughes Estate and Morgan were separately assessed for the "E" seam. There is no dispute that taxes have been paid by the Shidler Estate on the assessment made against them for the tax years in dispute nor is there any dispute that C. A. Hughes paid the taxes on the "E" seam from 1921-1931. Appellant here contends that the payment of the Shidler assessment for what was listed as a fee interest discharged the tax obligations related to the "E" seam because the "E" seam was contained within the fee.

From the testimony and exhibits offered at trial we learn that the tax assessment records prior to 1920 listed the property as "Shidler, G. H., Estate Fee, 134 acres—Value $6,470." 1917 White Township Tax Assessment Record at 33, line 1. Subsequent records through 1934 did not alter the "Fee" notation for Shidler; however, in 1921 the Assessment List showed a change in valuation to $5690.00 for the Shidler property, with the reason for changing the valuation being "Estate E seam to C. A. Hughes." 1921 White Township Tax Assessment Record at 34, line 1. A corresponding entry showed a tax assessment for C. A. Hughes for "E" seam coal, 134 acres, with a notation "From G. H. Shidler Est." *Id.* at 17, line 16. The records for 1922 show an unexplained decrease in the Shidler assessment and increase in the Hughes assessment. The reduction is greater than the increase.

It also appears that there are mineral assessment records prepared by a mineral assessment office in Cambria County. Those records are supposed to but do not in fact correlate very well with the property assessment records; especially is this true with respect to the older records.

In any event, for the tax years in question, the Shidler Estate is assessed as the "fee" holder of the 134 acre tract, and C. A. Hughes and Morgan are assessed for the "E" seam.

The trial court concluded that the weight of the evidence was to the effect that the word "fee" after Shidler Estate on the assessment records was simply a clerical error and that, in fact, both the "E" seam and the fee were separately assessed.

Our review of this matter is limited in scope. The trial judge sat without a jury and his findings of fact were approved by the Court en banc. We, therefore, will not disturb the findings of the trial judge if not arbitrarily made and if the evidence sustains the findings. See *Albert v. Lehigh Coal Co.* We may, however, inquire into the trial court's conclusions of law and the inferences drawn from the evidence. See *id.*

We are of the opinion that the poorly kept records in the tax assessment and mineral assessment offices could as readily support the trial court's finding that a clerical error had occurred as that a double assessment had been made. The bare fact that the Shidler assessment is noted as a "fee" interest, without more, is too ambiguous to support Appellant's claim here. Appellant, of course, does bear the burden of proving its case by the fair weight of the evidence and must prevail on the strength of its own title and not on the weakness of the County's title. *Albert v. Lehigh Coal Co.* We are well satisfied that Appellant has not met its burden, that the findings of the trial court are

based upon evidence in the record and that the con-
clusions of the trial court are in accord with the law.
We, accordingly, affirm.

### ORDER

The order of the Court of Common Pleas of Cam-
bria County dated January 27, 1984, Civil Division
No. 1979-5666, is hereby affirmed.